# UNITED STATES DISTRICT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER GOODE,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC<br><br>Defendants. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, CHRISTOPHER GOODE ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant TRANSUNION, LLC. ("TRANSUNION".) referred to as "Defendant"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2. Plaintiff is a natural person at all times relevant residing in Harris County, in the City of Houston, in the State of Texas.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANSUNION is a corporation conducting business in the State of Texas and is headquartered in Chicago, Illinois.

5. Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7. Defendant TRANSUNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

8. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

11. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANSUNION regarding a credit account he had with Lending Club, settled with Lending Club, and paid to Lending Club.

12. CRAs, including TRANSUNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

14. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with Lending Club, an inaccuracy found in credit reports published by TRANSUNION.

15. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question.

16. On or about December 29, 2023, Plaintiff and Lending Club settled an account ending in 8748 (the "Account") for $2,656.85.

17. Per the terms of the agreement, Plaintiff made a single payment on January 22, 2024, totaling two thousand six hundred fifty-six dollars and eighty-five cents ($2,656.85) and thereby satisfied the terms of the agreement.

18. On April 1, 2024, Plaintiff received a copy of his credit report from TRANSUNION.

19. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRANSUNION reported inaccurate information regarding the status of the Account.

20. Specifically, TRANSUNION reported the Account with a status of "Collection/Charge Off", a balance owed of $2,656.00 and failed to report the payment that was made to satisfy the Account.

21. The CRA Defendant's failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payment Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

22. On April 3, 2024, Plaintiff issued a dispute by mail to Defendant TRANSUNION regarding the inaccurate information being reported on the Account.

23. In his dispute letter Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Collection/Charge Off" status and that any balance

was owed on the Account. He also included proof of the agreement between him and Lending Club and proof of the payment made in satisfaction of the agreement.

24. His dispute package was delivered on or about April 8, 2024,

25. Upon information and belief, TRANSUNION would have notified Lending Club of Plaintiff's dispute within five days of receiving Plaintiff's dispute.

26. Further, upon information and belief, TRANSUNION would have sent the documentation Plaintiff included in his dispute letter to Lending Club, including the terms of the settlement and proof of payment.

27. Despite his very specific dispute and accompanying documents supporting his dispute, Plaintiff found the same inaccuracies from TRANSUNION, on an updated credit report he received on June 14, 2024.

28. At the time of the filing of this complaint TRANSUNION continues to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed and misreporting the payment made on the Account.

29. If TRANSUNION would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

30. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account TRANSUNION is required to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

31. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

33. Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that he has had the financial means to do both.

## COUNT I – TRANSUNION
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

35. After receiving Plaintiff's dispute regarding the Account, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

///

///

///

## **COUNT II – TRANSUNION**

## **Violation of the Fair Credit Reporting Act**

## **15 U.S.C. § 1681i**

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

42. After receiving Plaintiff's dispute for the Account, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43. Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANSUNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  December 14, 2024                    By: */s/: Jeffrey Lohman*
                                             Jeffrey Lohman, Bar #032315
                                             **The Law Offices of Jeffrey Lohman, PLLC**
                                             2325 Camelback Road, Suite 400
                                             Phoenix, AZ  85016
                                             T: (602) 461-7404
                                             E: JeffL@jlohman.com

                                             Attorneys for Plaintiff,
                                             CHRISTOPHER GOODE